# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

BANK OF AMERICA, N.A., )
                Plaintiff, )
                                    )    3:13-cv-00061-RCJ-VPC
vs. )
MPLDP, LLC et al., )    **ORDER**
                Defendants. )

This case arises out of a default on a commercial loan. Plaintiff has filed an Emergency Motion to Appoint Receiver (ECF No. 17). Defendants have filed a Motion to Dismiss (ECF No. 18). For the reasons given herein, the Court denies the emergency motion to appoint a receiver in part, and denies the motion to dismiss. The Court will hold a hearing to determine whether a receiver is warranted.

## I.   FACTS AND PROCEDURAL HISTORY

On or about October 4, 2007, Plaintiff Bank of America, N.A. made a commercial loan to Defendant MPLDP, LLC in the amount of $1.7 million to purchase a 14,170 square-foot, multi-tenant, commercial building located at 2715 Argent Ave., Elko, NV 89801 (the "Property"). (Compl. ¶¶ 2, 13–14, Feb. 7, 2013, ECF No. 1; Loan Agreement § 1.1, Oct. 4, 2007, ECF No. 2, at 2). The loan was secured by a deed of trust, assignment of rents, security agreement, and fixture filing ("DOT"). (Compl. ¶ 20; DOT, Oct. 4, 2007, ECF No. 2, at 19). The DOT granted MPLDP a revocable license to collect and retain the rents of the Property so long as the Loan Agreement was not in default. (Compl. ¶ 24; DOT § 3.2). The DOT includes, as its title

indicates, a security agreement including all tangible personal property, general intangibles, and deposit accounts. (Compl. ¶ 26; DOT § 4.1).

Upon any event of default, Plaintiff is permitted under the Loan Agreement to declare default and demand immediate full repayment. (Compl. ¶ 18; Loan Agreement § 9). Under the DOT, Plaintiff is also permitted upon any event of default to, *inter alia*, "in person, by agent or by court-appointed receiver . . . enter, take possession of, manage and operate all or any part of the Property, and . . . collect any and all Rents . . . ." (DOT § 6.3(c)).

Furthermore, Defendant D. Patel signed two guaranties, one in his personal capacity (the "D. Patel Guaranty") and one on behalf of Defendant Patel Northeastern Nevada Cardiology PC ("PNENC") in his capacity as President (the "PNENC Guaranty"), and Defendant M. Patel also signed a guaranty in a personal capacity (the "M. Patel Guaranty"). (Compl. ¶¶ 30–33). The Guaranties are materially identical and are attached to the Complaint as Exhibits 3, 5, and 4, respectively.

Events of default under the Loan Agreement and DOT include the failure to make payments when due and the filing of a bankruptcy petition by MPLDP. (Loan Agreement §§ 9.1, 9.5). MPLDP was required to "repay the remaining principal balance plus any interest then due" on the maturity date of October 1, 2012. (Compl. ¶ 36; Loan Agreement § 1.3(b)). When MPLDP failed to do this, Plaintiff sent MPLDP a Demand Letter to MPLDP and all three guarantors, demanding immediate payment of the remaining $1547,858.57 in principal, $37.63.36 in accrued interest, $350 in administrative fees, plus $78.016 per day in interest until satisfied. (Compl. ¶ 37; Demand Letter, Oct. 22, 2012, ECF No. 2, at 63). No party has complied. (Compl. ¶ 38). MPLDP's failure to make timely payment under § 1.3(b) constitutes an event of default triggering the remedies described under § 6 of the DOT.

Plaintiff sued Defendants in this Court for: (1) Receivership; (2) Breach of Guaranty; and (3) Breach of the Implied Covenant of Good Faith and Fair Dealing. Plaintiff asked the Court to

appoint a receiver, but the Court denied the motion, without prejudice, because no Defendant had been served. Plaintiff has now served Defendants and refiled its motion. Defendants have moved to dismiss.

## II. LEGAL STANDARDS

### A. Receivers

Rule 66 permits receivers, to be governed by local rules. *See* Fed. R. Civ. P. 66. Local Rule 66-2 requires a hearing after fourteen (14) days notice to the affected party and all creditors, unless an emergency receiver is appointed under the standards of Rule 65(b) governing temporary restraining orders. Under state law, a court may appoint a receiver after a complainant has filed a notice of breach and election to sell. Nev. Rev. Stat. § 107.100(1).

> A receiver shall be appointed where it appears that personal property subject to the deed of trust is in danger of being lost, removed, materially injured or destroyed, that real property subject to the deed of trust is in danger of substantial waste or that the income therefrom is in danger of being lost, or that the property is or may become insufficient to discharge the debt which it secures.

*Id.* § 107.100(2); *see also id.* § 32.010. Similar standards govern the entitlement of an assignee of rents to a receiver. *See id.* § 107A.260(1).

### B. Dismissal

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957). Federal Rule of Civil Procedure 12(b)(6) mandates that a court dismiss a cause of action that fails to state a claim upon which relief can be granted. A motion to dismiss under Rule 12(b)(6) tests the complaint's sufficiency. *See N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983). When considering a motion to dismiss under Rule 12(b)(6) for failure to state a claim, dismissal is appropriate only when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests. *See Bell*

*Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  In considering whether the complaint is sufficient to state a claim, the court will take all material allegations as true and construe them in the light most favorable to the plaintiff. *See NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986).  The court, however, is not required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).  A formulaic recitation of a cause of action with conclusory allegations is not sufficient; a plaintiff must plead facts showing that a violation is plausible, not just possible. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 555).

"Generally, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion.  However, material which is properly submitted as part of the complaint may be considered on a motion to dismiss." *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990) (citation omitted).  Similarly, "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss" without converting the motion to dismiss into a motion for summary judgment. *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994).  Moreover, under Federal Rule of Evidence 201, a court may take judicial notice of "matters of public record." *Mack v. S. Bay Beer Distribs., Inc.*, 798 F.2d 1279, 1282 (9th Cir. 1986).  Otherwise, if the district court considers materials outside of the pleadings, the motion to dismiss is converted into a motion for summary judgment. *See Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 925 (9th Cir. 2001).

**III.   ANALYSIS**

First, the Court denies the motion to dismiss.  Plaintiff has easily stated claims for receivership, breach of guaranty, and bad faith.  Defendants first argue that the Plaintiff bank has

been recently the subject of various lawsuits and federal regulatory scrutiny concerning its foreclosure practices. Those issues are not before the Court. Only the issue of the alleged breach of a particular loan and related guaranties is before the Court. Nor is there any claim for judicial foreclosure before the court or counterclaim to prevent any non-judicial foreclosure. The issue of Plaintiff's unrelated poor foreclosure practices is about as relevant to the present action as a slip-and-fall accident in one of its branches would be. Defendants next argue against Plaintiff's standing to foreclose and whether it is a real party in interest. Again, there is no foreclosure action before the Court. In any case, the ownership of the Loan Agreement is not in serious doubt. It is clear from the Loan Agreement and the DOT that Plaintiff was both the lender and the beneficiary of the DOT. Defendants provide no evidence that Plaintiff no longer owns the Loan Agreement, but only a report from a company called Audit Pros indicating that the loan is securitized, which this Court and others have noted numerous times does not split a mortgage or otherwise destroy a security interest without more.

Second, the Court will not appoint a receiver on an emergency basis, but it will order a hearing as to whether a receiver is warranted. Plaintiff can probably satisfy its burden to show that a receiver is necessary to prevent the loss of the rents. Because the allegedly defaulted borrower is not a store owner who may cause immediate waste to the inventory, there is no serious emergency. The security interest of Plaintiff is primarily in the rents, i.e., the monthly rent that the tenants of the Property pay to MPLDP. A receivership is probably appropriate to ensure that those payments are secured, but the loss of potentially one months' worth of payments is not sufficient to warrant an emergency receiver without hearing. The harm via the loss of one months' rent from the tenants is plainly reparable through money damages.

///

///

///

**CONCLUSION**

IT IS HEREBY ORDERED that the Emergency Motion to Appoint Receiver (ECF No. 17) is DENIED IN PART.  The Court will not issue a receiver without hearing.

IT IS HEREBY ORDERED that a hearing is set for the purpose of appointing a receiver on Tuesday, May 28, 2013 at 1:30PM, before Chief Judge Robert C. Jones, in RENO Courtroom 6, Reno, Nevada.

IT IS FURTHER ORDERED that the Motion to Dismiss (ECF No. 18) is DENIED.

IT IS SO ORDERED.

Dated this 25th day of April, 2013.

_____
ROBERT C. JONES
United States District Judge